38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF the
PLUMBING AND PIPEFITTERS INDUSTRY, LOCAL NO. 577,
and Plumbers & Steamfitters Local No.
577 Health & Welfare Fund,
Plaintiffs-Appellees,
v.
ROSS BROTHERS CONSTRUCTION CO. and Huntington Piping, Inc.,
Defendants-Appellees,
and
National Labor Relations Board, Movant-Appellant.
 No. 93-3895.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: CONTIE, MILBURN and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action was pending in district court, as the result of a complaint filed by Local 577 against the defendants, when the plaintiffs also filed an unfair labor practices charge against the defendants with the NLRB. That charge was based on the same facts that formed the basis of the district court case, and it alleged the same violations by the defendants. The charge resulted in the issuance of a complaint by the Board's General Director, on behalf of the General Counsel, asserting that the defendants had committed unfair labor practices in violation of Sec. 8 of the NLRA.
 
 
 2
 The defendants sought to dismiss the complaint in the administrative proceeding, based on the pending action in the district court. The NLRB denied the motion to dismiss, finding that the Board and the district court had concurrent jurisdiction. The Board then filed a motion to intervene in the district court proceedings "for the limited purpose of seeking a stay" until the matter could be decided by an administrative law judge and reviewed by the Board. The district court denied the NLRB's motion to intervene, finding that the motion satisfied all the requirements for leave to intervene under Fed.R.Civ.P. 24, except timeliness. The district judge further ruled that denial of intervention made the motion for a stay moot.
 
 
 3
 The matter is now before us on appeal by the NLRB from the district court's Rule 24 order. Both the Board and the defendants have agreed that the motion to intervene should be granted. Both parties also conceded at oral argument of this matter that the effect of our order is to make the NLRB a full party to the district court action, without any limitations or conditions to its standing.
 
 
 4
 We therefore VACATE the district court's order and GRANT the motion to intervene. The case will be REMANDED for further proceedings.